UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REBECCA B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. **C26-5476-BAT**

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's March 2025 decision finding her not disabled. The ALJ found elbow tendonitis, posttraumatic stress disorder, generalized anxiety disorder, major depressive disorder, bilateral carpal tunnel syndrome, lumbar radiculopathy, obesity, fibromyalgia and right plantar fasciitis are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform sedentary work subject to additional limitations but she can frequently finger, feel, and handle with the bilateral upper extremities; and Plaintiff cannot perform past relevant work but is not disabled because she can perform work as a printed circuit board screener, a final assembler, or a lens inserter. Tr. 24-37.

Plaintiff contends the ALJ harmfully erred, at step two, by failing to find right trigger finger, cervical degenerative disc disease and arthritis in the hands and wrist are severe impairments, and by discounting Plaintiff's testimony regarding the severity of her hand

limitations. Plaintiff argues had the ALJ properly evaluated her hand conditions and her testimony, the ALJ would have found she cannot perform work involving frequent use of the hands and instead would have found she is limited to work involving, at most, occasional use of the hands.

As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A. Step Two Findings

Plaintiff must show at step two she has a medically determinable impairment or combination of impairments, and the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). Impairments are "not severe" only if the evidence establishes a slight abnormality with no more than a minimal effect on an individual's ability to work. *Id.*

At step two, the ALJ stated Plaintiff has multiple medical diagnoses including "right trigger finger and mild degenerative changes at the first carpometacarpal and metacarpophalangeal joint," "mild facet arthrosis and narrowing most noted at C-4, C-5, and C-6-7." Tr. 27. The ALJ indicates these conditions are medically determinable but concluded they are not "severe" in that "these conditions are not causing more than minimal restrictions in the ability to perform basic work activity." *Id.* The ALJ erred. The record shows these conditions are medically determinable and they caused more than minimal limitations. However, the ALJ's step two error is harmless because the ALJ considered these conditions in determining RFC. Tr. 31 ("She also has non-severe impairments that indicate mild objective signs that have been

considered as well, including cervical and joint degeneration."). *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (step two error is harmless if ALJ subsequently discusses conditions).

**B. Plaintiff's Testimony**

The ALJ did not find malingering, and was thus required to provide "specific, clear and convincing reasons" to reject Plaintiff's testimony regarding her hand and wrist limitations. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

Plaintiff testified she has pain in both hands, they twitch and cause her to drop items, she soaks them in hot water and wears braces, she is in constant pain, and her pain worsens, and her hands swell if she uses them. Tr. 190-192. The ALJ acknowledged Plaintiff has wrist and hand pain, Tr. 31, but discounted Plaintiff's testimony about the severity of her hand limits, finding she retained the RFC to frequently finger, feel, and handle with the bilateral upper extremities.

In discounting Plaintiff's testimony and determining RFC, the ALJ first found Plaintiff "has negative Tinel's and positive Durkan's signs. These are carpal tunnel syndrome signs and thus do not contradict Plaintiff's testimony, and by themselves do not undermine the severity of Plaintiff's claims about her hands. Tr. 31. These signs also do not address limits Plaintiff claims are caused by her other hand conditions or cervical problems.

Second, the ALJ found Plaintiff, can open medication bottles, crafts and journals, and can climb ladders and crawl. *Id.* The ALJ failed to explicate how these activities show Plaintiff can frequently finger, finger, feel, and handle. There is no discussion, for instance as to the length or regularity of these activities, and thus substantial evidence does not support the ALJ's conclusion. "Frequent" normally "means occurring from one third to thirds of the time"[1] and the ALJ's generalized and conclusory findings do not suffice. *See Moisa v. Barnhart*, 367 F.3d 882,

[1] *See* SSR 83-10.

885 (9th Cir. 2004); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). Moreover, Plaintiff's records indicate writing aggravates Plaintiff's hand pain which is described as "chronic." Tr. 1282.

Third, the ALJ discounted Plaintiff's testimony about her hand limitations noting she was provided wrist braces, stretching helps, and Plaintiff does not need pain medication. To the extent the ALJ suggests Plaintiff received limited treatment that undermines the severity of her claimed symptoms, the record does not support such a finding. The record does not indicate Plaintiff's conditions were insignificant and did not merit medical care or treatment, or that other forms of treatment were even available to her. Thus, the treatment Plaintiff received does not itself show Plaintiff's hand problems caused limited symptoms allowing Plaintiff to frequently use her hands. The ALJ noted steroid injections helped Plaintiff's radiculopathy problems, but the ALJ did not indicate they helped Plaintiff's hand problems. Indeed, Plaintiff's records state "right index trigger finger corticosteroid injection Dr. Graver gave worsened pain." Tr. 1689. Additionally, as Plaintiff points out, she was prescribed Ibuprofen 800 mg and Volteran. Plaintiff's September 12, 2024 records also indicate Plaintiff was also prescribed "Flexeril" a relaxant that may be used to relieve spasms caused by arthritis.

The Court accordingly finds the ALJ erred in discounting Plaintiff's testimony regarding her hand limitations and finding she retains the RFC to perform sedentary work involving frequent fingering, feeling, and handling with the bilateral upper extremities. The error was harmful because the vocational expert testified that if Plaintiff was limited to occasional fingering, feeling, and handling that gainful work would be precluded. Tr. 201.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Plaintiff requested remand to further evaluate her hand impairments and testimony of pain and swelling. On remand, the ALJ shall assess Plaintiff's hand impairments including trigger finger and arthritis and Plaintiff's testimony; develop the record and determine RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 17th day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge